**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **TRUSTEES OF OHIO BRICKLAYERS HEALTH AND WELFARE FUND**<br>P.O. Box 645652<br>Cincinnati, OH  45215<br><br>     and<br><br>**TRUSTEES OF OHIO BRICKLAYERS PENSION FUND**<br>P.O. Box 645652<br>Cincinnati, OH  45215<br><br>          **Plaintiffs,**<br><br>vs.<br><br>**OHIO BUILDING MAINTENANCE LEASING, INC.**<br>c/o Connie Baumann, Statutory Agent<br>4619 Hayes Road<br>Groveport, OH  43215<br><br>          **Defendant.** | **CASE NO. 2:20-1267**<br><br>**JUDGE:**<br><br><br><br><u>**COMPLAINT**</u> |

    1.    Plaintiffs Trustees of Ohio Bricklayers Health and Welfare Fund and Trustees of Ohio Bricklayers Pension Fund (collectively "Funds") bring this action pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and Sections 409(a), 502(a)(3), (e), (f) & (g) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1109, 1132(a)(3), (e), (f) & (g) and 1145.

    2.    The Funds are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), which are maintained pursuant to collective bargaining agreements between Ohio Kentucky Administrative District Council of the International Union of Bricklayers and Allied Craftworkers ("the Union") and Ohio Building Maintenance Leasing, Inc. ("the Company"). The

Funds are trust funds established in accordance with Section 302 of the LMRA, 29 U.S.C. § 186, for the purpose of providing health care, pension, and related benefits for participants and their dependents.

3. The Funds bring this action by and through their trustees. These trustees are fiduciaries within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21).

4. The Union is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

5. The Company's principal place of business is located at 3858 Alum Creek Drive, Columbus, OH 43207.

6. Defendant is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7).

7. Venue and jurisdiction are properly conferred upon this Court by 28 U.S.C. § 1391 and 29 U.S.C. §§ 185(a) and (c).

## CLAIM FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND PLAN DOCUMENTS

8. The foregoing paragraphs are incorporated by reference.

9. Defendant is signatory to the Special State of Ohio Masonry Industry Agreement ("Ohio Agreement"), which continues in effect absent either party's timely written notice of termination or negotiation and signing of a new agreement. A signed copy of the Ohio Agreement is attached hereto as Exhibit A which is incorporated herein by reference.

10. The Ohio Agreement requires Defendant Crowe to abide by the wage and benefit provisions that are set forth in local union collective bargaining agreements in geographic areas throughout Ohio.

11. Defendant performed work in the jurisdiction of Local 55. A copy of Local 55's CBA for the period 2016 to 2021 is attached hereto as Exhibit B which is incorporated herein by reference.

12. Defendant agreed to submit timely and accurate information to the Funds with respect to all employees performing covered work and to make contributions to the Funds in accordance with the terms and conditions of the CBA.

13. Each failure by Defendant to make the required contributions to the Funds in a timely manner is a breach of the CBAs and/or plan documents. Each such breach violates both Section 515 of ERISA (29 U.S.C. § 1145) and Section 301 of the LMRA (29 U.S.C. § 185).

14. Defendant is required to pay delinquency assessments as calculated by each Plaintiff Fund pursuant to the CBAs, plan documents, and Employer Delinquency Procedures adopted by the Funds.

15. Pursuant to the CBAs, plan documents, and Employer Delinquency Procedures, Defendant is obligated to pay reasonable attorneys' fees and costs incurred in collecting delinquent contributions and delinquency assessments.

16. Although Defendant performed work for which contributions were owed, it failed to submit in a timely manner complete monthly reports and contribution payments to the Funds for work performed, thereby violating the CBAs, plan documents, and Employer Delinquency Procedures.

17. In violation of the CBAs, plan documents, and Employer Delinquency Procedures, Defendant failed to timely submit payments for numerous months and accumulated significant delinquency assessments and interest.

18. Defendant owes delinquency assessments and interest to the Funds in the amount of $11,708.05.

**WHEREFORE**, Plaintiffs demand the following:

(1) Judgment in the amount of $11,708.05 for liquidated damages and interest in favor of the Plaintiff Funds and against Ohio Building Maintenance Leasing, Inc.;

(2) Judgment awarding reasonable attorneys' fees and costs incurred in this action as mandated by the CBA, governing plan documents, Employer Delinquency Procedures, and 29 U.S.C. § 1132(g);

(3) Post-judgment interest; and

(4) An Order awarding such other legal or equitable relief that this Court may deem necessary and appropriate.

**GOLDSTEIN GRAGEL LLC**

/s/ Richard L. Stoper, Jr.
Joyce Goldstein (#0029467)
jgoldstein@ggcounsel.com
Richard L. Stoper, Jr. (#0015208)
rstoper@ggcounsel.com
1111 Superior Avenue East, Suite 620.
Cleveland, Ohio 44114
(216) 771-6633
(216) 771-7559  (fax)

Counsel for Plaintiffs