IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRUSTEES OF OHIO BRICKLAYERS
HEALTH AND WELFARE FUND,** *et al.***,**

      **Plaintiffs,**

                                Case No. 2:20-cv-1267

      vs.                        Chief Judge Algenon L. Marbley

                                Chief Magistrate Judge Elizabeth P. Deavers

**OHIO BUILDING MAINTENANCE
LEASING, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

      This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of multi-employer plans, assert claims under the Employees Retirement Income Act ("ERISA"), 29 U.S.C. § 1132, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. This matter is before the Court for consideration of Plaintiffs' Motion for Default Judgment. (ECF No. 7.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

      The docket reflects that Defendant Ohio Building Maintenance Leasing, Inc., was served with process on March 31, 2020 (ECF No. 3) but has failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default (ECF No. 5) and the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) on April 30, 2020. (ECF No. 6).

Plaintiffs have established that Defendant is a signatory to the Special State of Masonry Industry Agreement, by which Defendant agreed to pay contributions to the funds on behalf of all employees performing covered work within the work jurisdiction of the local unions.  (ECF No. 7 at 2, citing ECF No. 7-1 at ¶ 3.)  The Affidavit of Plaintiffs' Plan Manager (Eryka Stamatakos) (ECF No. 7-1) ("Affidavit") establishes that Defendant owes $11,708.05 in unpaid fringe benefit contributions for the months of August, September, October, November and December 2017; January, February, March, August, September, October, and November 2018; and April and May of 2019.  (ECF No. 7 at 2, citing ECF No. 7-1 at ¶ 4.)  Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions.  29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991).  Plaintiffs have established that defendant owes $11,708.05 in liquidated damages and interest on the unpaid contributions.  (ECF No. 7-1 at ¶¶ 3–7.)

Plaintiffs seek an award of attorney's fees in the amount of $2,769.00, for ten hours billed at the rate of $235.00 per hour, as well as $419.00 in court costs and other litigation expenses.  (ECF No. 7 at 3, citing ECF No. 7-2 at ¶¶ 2–3.)  Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable.  (*Id*.)

Plaintiffs are therefore entitled to judgment in the amount of $11,708.05 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees and costs in the amount of $2,769.00, for a total of $14,477.05.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (ECF No. 7) be **GRANTED**.  It is **FURTHER RECOMMENDED** that the Clerk enter judgment against Defendant Ohio Building Maintenance Leasing, Inc., and that Plaintiffs recover from Defendant the sum of $11,708.05, including unpaid fringe benefit contributions, prejudgment

interest, and liquidated damages, and a reasonable attorney's fees and costs in the amount of $2,769.00, plus interest from the date of judgment at the rate of one percent (1%) per month.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| **DATED:  June 22, 2020** | **/s/ *Elizabeth A. Preston Deavers*__**<br>**ELIZABETH A. PRESTON DEAVERS**<br>**CHIEF UNITED STATES MAGISTRATE JUDGE** |