**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **TRUSTEES OF OHIO BRICKLAYERS HEALTH AND WELFARE FUND,** *et al.*, | Case No. 2:20-CV-1267 |
| Plaintiffs, | Chief Judge Algenon L. Marbley |
| v. | Chief Magistrate Judge Deavers |
| **OHIO BUILDING MAINTENANCE LEASING, INC.,** | |
| Defendant. | |

**OPINION & ORDER**

This matter comes before the Court on the Chief Magistrate Judge's June 22, 2020 Report and Recommendation (ECF No. 8) on Plaintiffs', Trustees of Ohio Bricklayers Health and Welfare Fund and Trustees of Ohio Bricklayers Pension Fund, Motion for Default Judgment (ECF No. 7). Plaintiffs request $11,708.05 in damages, which include unpaid fringe benefit contributions, prejudgment interest, and liquidated damages, in addition to attorneys' fees and costs in the amount of $2,769.00. Based on the analysis below, this Court **ADOPTS** the Report and Recommendation of the Chief Magistrate Judge (ECF No. 8) and **GRANTS** Plaintiffs' Motion for Default Judgment (ECF No. 7).

**I.    BACKGROUND**

Plaintiffs ("the Funds") are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), which are maintained pursuant to collective bargaining agreements between the bricklayers' union and Defendant Ohio Building Maintenance Leasing, Inc. (ECF No. 1 at ¶ 2). The Funds are established in order to provide health care, pension, and other

1

related benefits for participants and their dependents pursuant to Section 302 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186. (*Id.*).

Defendant Ohio Building Maintenance Leasing, Inc., is an employer and signatory to the Special State of Ohio Masonry Industry Agreement (the "Agreement"). (ECF No. 1 ¶¶ 6, 9). The Agreement requires Defendant to adhere to specific wage and benefits provisions set forth by the local union collective bargaining agreement ("CBA") in Defendant's jurisdiction, Local 55. (*Id.* at ¶ 10). Pursuant to this CBA, Defendant agreed to submit timely and accurate information to the Funds with respect to all employees performing work covered by the CBA. (*Id.* at ¶ 12). The CBA requires Defendant to contribute to the Funds in a timely manner. (*Id.* at ¶ 13).

Plaintiffs allege Defendant failed to submit monthly reports and contribution payments pursuant to the CBA despite having performed work for which contributions were required. (*Id.* at ¶ 17). This alleged violation led to delinquency assessments and interest on Defendant's part pursuant to the CBA. (*Id.* at ¶¶ 17, 18). Plaintiffs brought suit against Defendant on March 9, 2020 by and through their trustees as fiduciaries under 29 U.S.C. § 1002(21) to demand judgment in the amount of $11,708.05 for liquidated damages and interest in favor of the Plaintiffs, in addition to reasonable attorneys' fees, costs, and post-judgment interest. (*Id.* at 4).

Defendant's statutory agent received the summons and returned the proof of service by certified mail to this Court on March 31, 2020. (ECF No. 4). Defendant was informed through this summons that it had twenty-one (21) days after service to answer Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(a)(1). (*Id.*). On April 27, 2020, Plaintiffs filed an application for an Entry of Default against Defendant, representing that more than twenty-one (21) days had passed without an answer or other pleading to Plaintiffs' complaint from Defendant. (ECF No. 5). In response to Plaintiff's application, the Clerk of this Court filed an Entry of Default on April 30,

2020. (ECF No. 6). Plaintiffs then filed their Motion for Default Judgment against Defendant on May 4, 2020. (ECF No. 7). The Chief Magistrate Judge issued the Report and Recommendation on June 22, 2020 recommending the Court grant Plaintiffs' Motion. (ECF No. 8) Defendant has filed no objections.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 states, in relevant part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." At that point, the party seeking default "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

A party seeking review by the District Court Judge of the Report and Recommendation may file objections and the specific basis for objection within fourteen (14) days of being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party who fails to object to the Report and Recommendation waives their right to *de novo* review by the District Court Judge and waives their right to appeal the judgment of the District Court Judge. *See Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A party that fails to specify the issues of contention from the Report and Recommendation waives review of those issues, even if objections are timely filed. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).

## III.    ANALYSIS

As the Chief Magistrate Judge's Report and Recommendation explained, Plaintiffs have established that Defendant is a signatory to the Agreement, under which Defendant has agreed to pay contributions to the funds on behalf of all employees performing work covered under the local jurisdiction's CBA. (ECF No. 8 at 2; ECF No. 7-1 at ¶ 3). Plaintiffs submitted an Affidavit which establishes that Defendant is delinquent in the amount of $11,708.05 of unpaid fringe benefit contributions for the months of September, October, November and December 2017; January, February, March, August, September, October, and November 2018; and April and May 2019. (ECF No. 8 at 2) (citing ECF No. 7-1 at ¶ 4). Defendant was served with process on March 31, 2020 (ECF No. 3) but has failed to plead or otherwise defend the action. The Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) on April 30, 2020. (ECF No. 6). The Chief Magistrate Judge therefore concluded that Plaintiffs are entitled to their requested damages on the delinquent contributions. 29 U.S.C. § 1132(g)(2); *in re Mich. Carpenters Council Health & Welfare Fund*, 933 F.2d 376 (6th Cir. 1991).

The declaration of the Plan Manager and the CBA Agreement establish Defendant is obligated to pay reasonable attorneys' fees and costs related to the collection of liquidated damages. (ECF No. 1-2 at 15; ECF No. 7-1 at ¶ 7). The Report and Recommendation found that Plaintiffs' request for attorneys' fees and costs in the amount of $2,769, including ten billed hours at a rate of $235 per hour and $419 in court costs and litigation expenses, was reasonable. (ECF No. 8 at 2).  Based on the Chief Magistrate Judge's reasoning and an independent review of the facts and law, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Plaintiffs' Motion for Default Judgment.

## IV.  CONCLUSION

The Court hereby **ADOPTS** the Report and Recommendation (ECF No. 8) and **GRANTS** Plaintiffs' Motion for Default Judgment (ECF No. 7). This Court **ORDERS** Defendants to pay Plaintiffs the requested damages and prejudgment interest in the amount of $11,708.05, and attorneys' fees and costs in the amount of $2,769.00, for a total of $14,477.05.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 3, 2020**